**Horace C. LAMBERTON, Jr., et al., Plaintiffs below, Appellants,**

v.

**The TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, Defendant below, Appellee.**

Supreme Court of Delaware.

. Submitted June 10, 1975.

Decided Aug. 1, 1975.

---

Walter L. Pepperman, II, and Robert F. Stewart, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs below, appellants.

John J. Schmittinger and Larry W. Fifer, Schmittinger & Rodriguez, Dover, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

This is an appeal from the Superior Court's denial of plaintiffs' motion for summary judgment which determined as a matter of law that plaintiffs are not entitled to recover from their liability carrier certain payments made by them on personal injury claims arising from an accident. The facts of the case are set forth at length in the opinion below at 325 A.2d 104.

Plaintiffs contended that the Deductible Clause of the insurance policy limited to the sum of $10,000 the total deduction for each accident resulting in liability, regardless of the number of injuries arising therefrom. Defendant took the position that its liability is limited to the amounts in excess of $10,000 on each injury for which plaintiffs become liable; that, therefore, the deductible amount in this case was $80,000. Payment was made to the claimants by plaintiffs, under protest, in accordance with defendant's position. Plaintiffs appeal.

Negligence actions were filed by eight injured workmen, five of their wives and by the estate of the one deceased workman. The cases were settled prior to trial, judgments were entered, and payment was made as follows:

| Judgment | | Paid by defendant | Paid by plaintiff |
|---|---|---|---|
| (1) Joe Brown | – $125,000. | $115,000. | $10,000. |
| (2) Evelyn Clark | – 125,000. | 115,000. | 10,000. |
| (3) Robert Creelman, etux. | – 60,000. | 50,000. | 10,000. |
| (4) Ezekiel Osborne, etux. | – 15,000. | 5,000. | 10,000. |
| (5) Carmen Cedrone, etux. | – 15,000. | 5,000. | 10,000. |
| (6) Henry Carlson, etux. | – 7,500. | -------- | 7,500. |
| (7) Paul L. Congo | – 7,500. | -------- | 7,500. |
| (8) Mahlon Mears | – 7,500. | -------- | 7,500. |
| (9) Thomas L. Leister | – 5,000. | -------- | 5,000. |
| Total | $370,000. | $290,000. | $80,000. |

We agree with the conclusion reached by the Superior Court that the words "each claim," as used in the Deductible Clause, do not mean "each accident." We hold that

each judgment entered herein was a "claim" within the meaning of the Deductible Clause. Accordingly the position taken by the defendant was correct.

Affirmed.