ATLAS UNDERWRITERS, LTD.

V.

MEREDITH-BURDA, INC.

Record No. 830360

April 25, 1986

Present: All the Justices

*Wm. Rosenberger, Jr.* for appellant.
*Gregory P. Cochran (Caskie, Frost, Hobbs, Thompson, Knakal & Alford*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this insurance case, we interpret deductible provisions applicable to the property damage liability portion of a policy furnishing manufacturers' and contractors' liability coverage.

In October 1978, Rust Control, Inc., a Roanoke contractor, was engaged in spray painting two water towers on the premises of appellee Meredith-Burda, Inc. in Lynchburg. Particles of paint were blown by wind upon motor vehicles parked by Meredith-Burda employees on company property. Meredith-Burda paid about 40 persons for damage to their vehicles caused by the paint and took an assignment from each of any claim such individual had against Rust Control. One vehicle was damaged in the amount of $350; none of the others was damaged more than $250 each. The total damages represented by the assignments exceeded $4,000. Subsequently, Meredith-Burda filed a suit against Rust Control on the assignments and obtained a judgment in January 1981 for $4,386.75, which apparently was not satisfied.

On the day of the accident, Rust Control was covered by a policy of insurance which, among other things, furnished protection for property damage liability, with deductible. On the "Certificate" page of the policy, the deductible language provided, "$250 deductible per claim, per claimant including claims expense." On another page of the policy, labeled "Deductible Endorsement," the following language appeared:

"In consideration of the premium for which this policy is written, it is hereby understood and agreed that there is $250.00 deductible for each and every claim on the an-

nexed policy to which this endorsement pertains. The insured warrants and represents as follows with respect thereto:

1. Insured shall contribute amount of deductible within 10 days from date of request by Underwriters or its representatives.
2. The deductible shall apply toward adjusting expenses as well as toward any settlement of the claim.
3. In the event of failure of the insured to pay the deductible within 10 days as herein above set forth, Underwriters shall exercise its cancellation rights as provided in the policy. . . ."

In September 1981, Meredith-Burda, again utilizing the assignments, instituted the present action on the insurance policy against appellant Atlas Underwriters, Ltd. for $5,000 seeking recovery in a lump sum of the amounts represented by the assignments.* Responding to the suit, Atlas contended there was no coverage for any of the individual claims, except the claim for $350, because none exceeded the deductible amount of $250. It argued that 40 assignments could not convert 40 nonrecoverable claims into 40 recoverable claims.

The trial court, upon consideration of various exhibits and the testimony of one witness called by Atlas, decided in favor of Meredith-Burda and entered judgment against Atlas for $4,386.75, plus interest and costs. The court ruled that the individual claims were assigned validly and that the "per claim, per claimant" language of the policy was "inherently ambiguous and clearly subject to two logical interpretations or constructions." The court con-

---

* Meredith-Burda asserted that Atlas was liable under the policy because, although not the insurer for Rust Control, Atlas was the "surplus lines broker" on the policy. Thus, the plaintiff asserted, Atlas was bound to pay claims under the policy as "agent" for Terra Nova Insurance Company, the actual insurer but a company not licensed in Virginia. Atlas contended below that it was not liable for sums due under the policy because it was not the insurer. The trial court ruled against Atlas on this question and Atlas raises the issue again on appeal.

The appellate record is wholly inadequate to enable us to render a meaningful decision on the point. For example, no witness was called to testify about the status of Terra Nova Insurance Company, the nature of Atlas Underwriters' business, or the nature of the transaction whereby Rust Control was issued this insurance. The policy, introduced as an exhibit, contains language supporting the trial court's decision on this question. Given the presumption of correctness which attaches on appeal to the decision below, we cannot say on this record the trial court erred in finding Atlas liable for claims covered under the policy.

cluded, relying on cases from other jurisdictions, that Meredith-Burda was "one claimant asserting one claim against the defendant," fully recognizing "that the one claim asserted by plaintiff is an amalgam of forty smaller claims and which would, if asserted individually, be nonrecoverable claims."

We are of opinion that the trial court erred in its interpretation of the policy. As a basic proposition, the parties do not dispute that Meredith-Burda, the assignee, stands in the shoes of the vehicle owners, the assignors, and that Atlas, the defendant, may assert defenses available against the assignors in this suit by the assignee. Thus, we focus on the meaning, as between the parties to the insurance contract, of the pertinent terms of that contract.

The terms "claim" and "claimant" are not defined in the policy. Nonetheless, we hold that in the context of this insurance contract these crucial words are clear and unambiguous, that is, they are "[s]usceptible of but one meaning." *Black's Law Dictionary* 1366 (5th ed. 1979). "Claim" contemplates the assertion of a legal right by a third person for damages caused by conduct of the named insured. It means a demand by one to whom a right has accrued for payment of a loss suffered due to acts of the insured that are covered by the policy. "Claimant" is one who asserts that right or demand. *See Black's* at 225. The term "claim," unlike policy provisions dealing with limits of liability, does not refer to the aggregate of all claims arising from a single incident or transaction, as the plaintiff's argument implicitly suggests. "Claim" does not mean "cause." One cause frequently spawns many claims. *See Lamberton* v. *Travelers Indemnity Co.*, 325 A.2d 104, 107 (Del. Super. Ct. 1974), *aff'd per curiam*, 346 A.2d 167 (Del. 1975). And, apropos the policy language under consideration: "Several claims by third parties cannot be converted into a single claim by the mere expedient of paying them." *Burlington County Abstract Co.* v. *QMA Associates*, 167 N.J.Super. 398, 409, 400 A.2d 1211, 1217, *cert. denied*, 405 A.2d 824 (N.J. 1979).

Examination of the insurance policy demonstrates that the term "claim" consistently refers to an individual demand upon the insurer based upon a single assertion of a legal right by a third person. *See National State Bank* v. *American Home Assurance Co.*, 492 F. Supp. 393, 396-97 (S.D. N.Y. 1980). For example, the "per claim, per claimant" language of the Certificate, typed into blanks on a printed form, is refined by the printed language of the Deductible Endorsement. The endorsement specifies a $250

deductible for "each and every" claim on the policy. Clearly this connotes individual third-party demands, not an amalgam of assertions arising from one cause.

In addition, this singular terminology influences the language of paragraph 2 of the endorsement. Under that clause, the deductible applies toward adjusting expenses and toward any settlement of "the claim." Potential demands upon insurance policies ordinarily are investigated and administered by insurance adjusters on a case-by-case basis and adjusting expenses as well as settlement payments are routinely allocated to each case singly. Also, the policy "Conditions" require the insured to immediately report to the Underwriters or representatives "every loss or damage which may become a claim under this Policy" and to file within 90 days from date of loss, "a detailed sworn proof of loss." Again, this is language which plainly states an obligation to report to the insurer losses and damages, which may become "a claim" under the policy, on an individual basis. There are other policy provisions which have the same effect and we will not prolong this discussion to recite them.

█ Because the disputed terms are unambiguous and clear, we will give the words their ordinary meaning and enforce the policy as written. The policy plainly mandates application of the $250 deductible to each claim asserted by the vehicle owners. Consequently, we will reverse the trial court's order and enter final judgment in favor of Meredith-Burda, Inc. against Atlas Underwriters, Ltd. for $100, which amount represents the amount of the $350 claim less the deductible.

*Reversed and final judgment.*