**WASHINGTON OCCUPATIONAL HEALTH ASSOCIATES, INC., Plaintiff,**

v.

**TWIN CITY FIRE INSURANCE CO., and Pennsylvania Casualty Company, Defendants.**

Civ. A. No. 86–678.

United States District Court, District of Columbia.

Jan. 29, 1987.

Ronald G. Precup, Nussbaum, Owen & Webster, Washington, D.C., for plaintiff.

Paul M. Honigberg, Washington, D.C., for defendant Twin City Fire Ins. Co.

William F. Causey, Washington, D.C., for defendant Pennsylvania Cas. Co.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Washington Occupational Health Associates (WOHA) seeks a declaratory judgment against two insurance companies which have issued policies to WOHA. The judgment sought would determine the rights and responsibilities of each party in the defense of a case pending against WOHA in California Superior Court. All three parties have submitted cross motions for summary judgment, as well as a list of stipulated facts. The matter has been fully briefed.

### Background

In May of 1983, an electrical transformer caught fire and exploded in a San Francisco office building, contaminating the building with toxic polychlorinated biphenyls (PCBs). WOHA, a Washington, D.C.-based occupational and environmental health consulting business, was engaged to monitor the health of persons who may have been exposed to PCBs and other toxic substances as a result of this accident. In performing its contractual duties, WOHA conducted blood and tissue tests and analyses of those people entering the contaminated building. *See* Complaint ¶ 10; Stip. Facts ¶ 4.

Eighteen building engineers who were tested by WOHA brought suit in California Superior Court, claiming that they were exposed to toxic substances in the office building. *Id.* These plaintiffs have named WOHA as one of the defendants, alleging that WOHA tested them for the wrong PCB contaminant and also bringing claims of fraud and misrepresentation, lack of consent, and violations of a California human experimentation law. Second Amended Complaint, *Ahrens v. Pacific Gas and Electric Co.*, No. 816843, Superior Court of California, City and County of San Francisco.

After being named as a defendant in the *Ahrens* case, WOHA notified both Twin City Fire Insurance Company (Twin City) and Pennsylvania Casualty Company (PHICO), each of which had issued insurance policies to WOHA. Stip. Facts ¶¶ 7, 17, 29, 35.[1] Twin City began defending the *Ahrens* litigation, while reserving its rights to contest its liability under the policy issued to WOHA. Stip. Facts ¶ 30. PHICO initially denied responsibility on the grounds that the events occurred prior to the effective date of the PHICO policy; it later also denied both coverage and defense obligations on the grounds that the *Ahrens* claims were not covered by its policy. Stip. Facts ¶¶ 36, 39, 41.

This action is an attempt by WOHA to resolve some of the issues raised by its insurers and establish coverage for the *Ahrens* litigation. The parties have all moved for summary judgment on the four basic issues that have been raised, all of which can be decided as a matter of law. These issues are:

(1) whether the Twin City policy deductible of $10,000 applies to each claim or to the aggregate of claims. WOHA seeks a

---

1. The policies are attached to PHICO's Motion for Summary Judgment as Exs. A and B.

declaration that only one deductible applies to the entire *Ahrens* case, while Twin City argues that the deductible applies to each of the 18 *Ahrens* plaintiffs.

(2) Whether PHICO has a duty to defend the *Ahrens* suit, a finding urged by WOHA. On the other hand, PHICO seeks a ruling that the *Ahrens* allegations do not fall within its policy's coverage of "medical incidents" only, and that it therefore has no duty to defend.

(3) The issue between Twin City and PHICO as to which is the excess carrier and which is the primary carrier for WOHA. Both insurance policies have "other insurance" clauses upon which each insurer places reliance.

(4) Finally, WOHA's alleged entitlement to attorneys' fees and costs from both defendants for its expenses in bringing this action to establish its right to coverage. Both insurers have opposed this portion of WOHA's summary judgment motion, claiming that under the American Rule parties are required to bear their own expenses.

## Discussion

### Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered in an action if there is no genuine issue of material fact[2] and the moving party is entitled to judgment as a matter of law. All four of the issues raised by the cross-movants are legal questions concerning the construction of the two insurance policies and shifting of legal fees. These legal questions do not raise disputed issues of fact. *See Owens-Illinois, Inc. v. Aetna Casualty and Surety Co.*, 597 F.Supp. 1515, 1519 (D.D.C.1984). Thus, summary judgment may be entered on each party's claims as a matter of law. We turn now to the issues.

### A. The Extent of Deductibles Under the Twin City Policy

■ As noted above, WOHA seeks a declaration that only one deductible should be taken under the Twin City policy for the claims comprising the entire *Ahrens* suit. Twin City vigorously opposes this contention, arguing that the $10,000 deductible applies to the claims of each of the eighteen (18) *Ahrens* plaintiffs.[3] Under the law in the District of Columbia, three factors are to be considered in interpreting the deductible provision of an insurance policy: (1) the terms and language of the policy itself, (2) the purpose of the insurance contract, and (3) the reasonable expectations of the parties. *Keene Corp v. Ins. Corp. of North America*, 667 F.2d 1034, 1041 (D.C.Cir.1981), *cert. denied*, 455 U.S. 1107, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982); *Owens-Illinois*, 597 F.Supp. at 1519. These factors provide evidence of the parties' objective intent in entering into the insurance contract.

### 1. The Policy Language

The language of the policy itself gives us the best evidence of how the parties intended the policy to be given effect. If the policy language is unambiguous, the court is to look to the plain meaning of the terms used by the parties; any ambiguities are to be resolved in favor of the insured party, WOHA. *See Keene*, 667 F.2d at 1041.

The Twin City policy is specifically designated a "claims-made" policy with a deductible of $10,000 for "each claim." Stip. Facts ¶¶ 11, 12. Unfortunately, the word "claim" is defined nowhere in the policy, and the parties point to different provisions in the policy that support their opposing views.

The "Limits of Liability" section of that policy has one provision that supports WOHA's interpretation and another that tends to support Twin City's construction of the word "claim." The policy states that "all damages arising out of the same negligent act, error, or omission of one or more insureds shall be considered as comprising one claim." Stip. Facts ¶ 14. WOHA argues that the whole *Ahrens* case arises

---

2. The operative facts have been stipulated by all the parties. *See* Stipulated Facts filed June 3, 1986.

3. The difference of $170,000 is important, since many or all of the claims may be under $10,000.

out of the same negligent act, error, or omission, so the eighteen separate claims should be aggregated as one claim subject to a single $10,000 deductible. Other parts of the policy appear to conflict with this definition of the word "claim." Indeed, Twin City argues that the provision quoted above applies only to the definition of "claim" for the purposes of setting the upper limits of liability under the policy, which are $1,000,000. Stip. Facts ¶ 12.

A second portion of the "Limits of Liability" section under a subsection entitled "Deductible" provides: "[w]ith respect to each individual claim or suit by a person or organization, the company's obligation to pay damages … applies to the amount of damages … in excess of the deductible amount stated in the Declarations." Stip. Facts ¶ 15. Twin City argues that this sentence clearly shows that the deductible is applicable to each separate "claim" and not to each occurrence or negligent act. This wording therefore indicates a narrower definition of the word "claim" that the first "Limits of Liability" provision appears to suggest.

Twin City's reliance on the more restricted definition of the word "claim" is also supported by the "Application of Policy" provisions in § II of the insurance policy. The policy states: "If more than one claim for damages is made which arises out of the same negligent act, error or omission, all subsequent claims for damages shall be considered as having been made at the time the earliest claim arising out of such negligent act, error or omission was first made." This provision recognizes the possibility of more than one claim for damages arising out of a single negligent act, providing further support for Twin City's position.

Taken all together, the express terms of the policy lend support to the contentions of both Twin City and WOHA since the word "claim" is used inconsistently throughout the policy. As the previous discussion indicates, the language of the policy does not provide conclusive answers. It is necessary to proceed further and to analyze both the purpose of the insurance contract and the reasonable expectations of the parties in order to determine the objective intent of the $10,000 deductible provision.

### 2. The Purpose of the Insurance Contract

This requires no extended discussion. Obviously, the purpose of the Twin City insurance policy was to provide indemnity for WOHA in exchange for premiums paid to Twin City. WOHA purchased the insurance policy so that it would be covered in the event of a suit for damages like *Ahrens*. If the meaning of the deductible for "each claim" can not be clearly determined, we should lean in favor of WOHA, given the contract's purpose of indemnity and the fact that Twin City drafted the language in question. *See Keene*, 667 F.2d 1041.

### 3. The Reasonable Expectations of the Parties

Under District of Columbia law, the reasonable expectations of the parties are an element to be considered in attempting to construe the objective intent of the insurance policy. *Owens-Illinois*, 597 F.Supp. at 1522. WOHA naturally contends that its reasonable expectation was to only have to pay one deductible for the same negligent act, error or omission, and not be subject to several deductibles as urged by Twin City. However, WOHA's argument is undercut by the fact that the policy was clearly designated a "claims-made" policy rather than an "occurrence" policy. Stip. Facts ¶ 11. Further, WOHA ignores the fact that the deductible was applicable to "each claim" instead of "each occurrence."

WOHA places strong reliance on the case of *Owens-Illinois*, a recent asbestos insurance coverage case decided by this court. There, the court held that insured's reasonable expectation was that it would only be responsible for one deductible for all of the asbestos claims asserted against it, since only one proximate cause underlay all the claims. 597 F.Supp. at 1527. However, *Owens-Illinois* is distinguishable because the policy under consideration involved a "per occurrence" deductible. This differ-

entiates it from the policy at issue here with a "per claim" deductible.

Courts in other jurisdictions have recognized this distinction and have come to an opposite conclusion than did the *Owens-Illinois* court when confronted with policies with "per claim" deductibles. In three cases cited by the parties, the courts have found the word "claim" to be unambiguous, and easily distinguishable from "accident," "occurrence," and "cause"; in each instance, the court rejected the insured's argument that only one deductible should be applied to the claims arising from the same incident, because the deductible was "per claim." *Combined Communications Corp. v. Seaboard Surety Co.*, 641 F.2d 743, 745 (9th Cir.1981) (applying Arizona law); *Lamberton v. Traveler's Indemnity Co.*, 325 A.2d 104, 107–08 (Del.Super.1974), *aff'd* 346 A.2d 167 (Del.1975); *Burlington County Abstract Co. v. QMA Associates, Inc.*, 167 N.J.Super. 398, 400 A.2d 1211, 1213–16 (1979), *certif. denied*, 81 N.J. 280, 405 A.2d 824 (1979).

For example, *Burlington County*, the New Jersey case cited above, involved an insurance policy with a similar Limits of Liability provision. The *Burlington County* policy placed a limit of $100,000 on each claim for all damages arising out of the same negligent act, regardless of the number of claims involved. 400 A.2d at 1213; *compare with* Stip. Facts ¶ 14. In *Burlington County*, a title insurance company made payments to 84 condominium owners who had claims against it for failure to ascertain overdue back taxes prior to the closing date on each condominium. The abstracting company sought to be indemnified by its insurer for the total amount paid less a single $500 deductible. Nevertheless, the court found the per claim deductible applied to each separate claimant, even if the same negligent act produced more than one claim. The court reasoned that

the parties' intent to treat all claims arising out of a single incident as one claim solely for the purpose of limiting the insurer's overall liability, and not for the purpose of the per claim deductible.

In sum, we conclude that the reasonable expectations of the parties here were that there be one deductible for each individual claim or claimant, and not for each set of claims that arise from the same occurrence. Despite certain inconsistencies in language, we are persuaded in the last analysis by the fact that this was a "claims made," rather than an "occurrence" policy. The plain implications of one deductible for "each claim" rather than for "each occurrence" lead us to the conclusion that Twin City is correct in its position that the $10,000 deductible is applicable to the claims of each of the *Ahrens* plaintiffs.

## B. *PHICO's Duty to Defend WOHA*

■ PHICO's duty to defend WOHA in the *Ahrens* litigation is clear, despite PHICO's arguments to the contrary. Under D.C. law, an insurer's duty to defend its insured is broader than the duty to indemnify,[4] and is to be determined by the allegations in the pleadings. "[T]he insurance company must honor its duty to defend, even it is is ultimately relieved of any duty to indemnify." *Sherman v. Ambassador Ins. Co.*, 670 F.2d 251, 258–60 (D.C.Cir.1981); *see also Central Armature Works, Inc. v. American Motorists Ins. Co.*, 520 F.Supp. 283, 287 (D.D.C.1980); *Salus Corp. v. Continental Casualty Co.*, 478 A.2d 1067, 1069 (D.C.1984).

In examining the pleadings, the court is to liberally construe the allegations, favoring the insured in cases of doubt; if only part of the claims fall within the policy, the insurer must defend them all.[5] *Donnelly v. Transportation Ins. Co.*, 589 F.2d 761, 765 (4th Cir.1978) (applying D.C law). Con-

---

**4.** The parties agree that indemnity issues are not yet ripe for adjudication, as the *Ahrens* litigation is ongoing. *See* Pltf's Opp to PHICO's Mot for S.J. at 2.

**5.** PHICO originally denied a duty to defend on the grounds that some of the *Ahrens* claims were based on events that occurred after the

effective date of the policy. Stip. Facts ¶ 36. However, this issue is not before us, since it relates more to PHICO's duty to indemnify as the parties now agree that at least some of the *Ahrens* events occurred after the PHICO policy became effective. *See* Stip. Facts ¶ 37.

struing the *Ahrens* allegations liberally, the complaint alleges "medical incidents" that caused "bodily injury" within the meaning of the PHICO policy purchased by WOHA. Second Amended Complaint, *Ahrens v. Pacific Gas & Electric Co.*, ¶ XI Eighth Cause of Action, ¶ V Ninth Cause of Action. Stip. Facts ¶ 20, 24, 25, 26. Thus, we find that PHICO has a duty to defend WOHA in *Ahrens*.

## C. *"Other Insurance" Clauses*

■ Both the Twin City and PHICO insurance policies have "other insurance" clauses, purporting to make them excess carriers. Each company claims that they are the secondary carrier for WOHA, and that the other carrier should be declared the primary insurer responsible for WOHA's defense and indemnity.

Twin City's "Other Insurance" provision states the coverage to be "excess over any other valid and collectible insurance available to the insured, except insurance specifically arranged by the named insured to apply in excess of this insurance." Stip. Facts ¶ 16. PHICO's policy has a similar "Other Insurance" section providing that its coverage "shall be excess over any other valid and collectible insurance." In addition, PHICO will pay a pro rata portion of the liability "[i]f this insurance and other insurance are both excess." Stip. Facts ¶ 22.[6]

The excess clauses of both companies are mutually exclusive and irreconcilable, so ultimate liability must be apportioned between them under District of Columbia law. *See Reliance Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 753 F.2d 1288, 1290 (4th Cir.1985) (applying D.C. law); *Jones v. Medox*, 430 A.2d 488, 494 (D.C. 1981) (*en banc*). To hold otherwise would be to allow both insurers to avoid responsibility at WOHA's expense, since there

would be no primary carrier. Instead, both Twin City and PHICO are obligated to defend and eventually to indemnify WOHA for the *Ahrens* claims covered by their respective insurance policies. They are both responsible as primary insurers to assume a pro rata share of the costs.

## D. *Attorneys' Fees and Costs*

■ WOHA seeks the attorneys' fees and costs expended by it in this action, relying on Maryland case law for support. However, the law in the District of Columbia is that each party bears its own expenses, even in cases where an insured has to sue to establish its right to coverage. This so-called "American Rule" is generally applicable with certain exceptions, *i.e.*, when the insurer has acted in bad faith, leaving its insured in an especially vulnerable position. *Eureka Investment Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 945–46 (D.C.Cir.1984). There has been no such showing of bad faith here. Indeed, Twin City has been assuming the costs of defending WOHA after the first $10,000 deductible was taken, while reserving its rights to litigate the extent of the deductible. Stip. Facts ¶ 34. We see no reason to depart from the usual rule and therefore deny WOHA's request for attorney's fees and costs.

## CONCLUSION

In conclusion, we interpret as a matter of law the Twin City policy to provide that the deductible of $10,000 shall apply to the claims of the *Ahrens* plaintiffs. We hold that PHICO has a duty to defend WOHA in the *Ahrens* litigation, sharing an equal responsibility with Twin City as co-primary insurers. Finally, we find that WOHA is not entitled to attorneys' fees, since there are no exceptional circumstances present that would justify such an award.

---

**6.** PHICO also claims its policy has an exclusion clause that makes it the excess carrier. The exclusion (w) does not make PHICO a secondary insurer, because it is not applicable to the *Ahrens* claims by its own terms. Exclusion (w) applies only to claims "for which the insured is entitled to indemnity and/or payment by reason of having given notice of any circumstance which might give rise to a claim under any policy or policies, the term of which has expired prior to the initial effective date of this policy." Stip. Facts ¶ 23. The Twin City policy did not expire prior to the effective date of the PHICO policy, so the terms of exclusion (w) have not been satisfied. *See* Stip. Facts ¶¶ 7–10 (effective dates of Twin City policy) and ¶ 17 (effective dates of PHICO policy).

An order consistent with the foregoing has been entered this day.

## ORDER

Upon consideration of the parties' cross-motions for summary judgment, the supporting memoranda of points and authorities, and the entire record herein, and for reasons set out in the accompanying memorandum opinion, it is by the court this 29th day of January, 1987,

ORDERED that Washington Occupational Health Associates' motion for summary judgment is granted in part and denied in part, and it is

ORDERED that Twin City Fire Insurance Co.'s motion for summary judgment is granted in part and denied in part, and it is

ORDERED that Pennsylvania Casualty Company's motion for summary judgment is granted in part and denied in part; and it is

ORDERED that under the terms of the Twin City Fire Insurance Co. policy issued to Washington Occupational Health Services, plaintiff is liable for the first $10,000 of damages arising from each of the eighteen claims asserted against it in the case of *Ahrens, et al v. Pacific Gas & Electric Co.*, No. 816843, Superior Court of California, City and County of San Francisco; and it is

ORDERED that under the terms of the Pennsylvania Casualty Company policy issued to Washington Occupational Health Services, defendant Pennsylvania Casualty Company shall provide a defense to plaintiff in the *Ahrens, et al v. Pacific Gas & Electric Co.* case, and it is

ORDERED that defendants are both primary insurers for plaintiff Washington Occupational Health Services in the *Ahrens, et al v. Pacific Gas & Electric Co.* case, and it is

FURTHER ORDERED that plaintiff's application for attorney's fees and other expenses in this action is denied.