MORRIS SHEPPARD ARNOLD, Circuit Judge.
Bill Miles, doing business as Miles Roofing and Coating, Inc., contracted to spray exterior foam insulation on a building that Eagle-Picher Industries owned. The owners of 130 cars parked in the vicinity of the building asserted that excess spray damaged their vehicles and they made claims *438 against Eagle-Picher. Eagle-Picher settled these claims for a total of $50,000 and then sued Miles asserting a right to contribution. (That suit is still pending.) Miles then demanded that his liability carrier, Capitol Indemnity (appellant), indemnify him for any amount (less his $500 deductible) for which he might become liable in contribution. Appellant refused on the ground that the $500 deductible applied separately to each car damaged, and that it therefore could owe Miles nothing since he was subject to a total of $65,000 in deductibles, less than Eagle-Picher’s demand. (We assume that none of the individual claims exceeded $500.)
Appellant then brought this suit for a declaratory judgment that it had no duty to indemnify. The trial court entered judgment for Miles on the basis of a paper record. We reverse and remand.
I.
A threshold issue is whether the amount in controversy in this diversity case is sufficient to support federal jurisdiction. Miles argues that the contribution claim could be for no more than $50,000, and, because at least one $500 deductible applies, that the maximum possible amount in controversy is less than $50,000 — that is, less than the amount necessary to establish federal jurisdiction. See 28 U.S.C. § 1332(a). Appellant correctly points out, however, that attorney’s fees are also at stake, see Ward v. City National Bank and Trust Co., 379 S.W.2d 614 (Mo.1964), which would place the amount in controversy well over $50,000. We believe that the trial court therefore quite rightly rejected Miles’s motion to dismiss for lack of jurisdiction.
Miles also argues that the present controversy is not ripe for adjudication because the contribution suit is not yet resolved. This contention lacks merit. Miles has made a demand on appellant and appellant has contended that there are no circumstances under which it can owe Miles any money. The lines are drawn, the parties are at odds, the dispute is real. Appellant is in no different position, in any relevant respect, from that occupied by insurers who deny that coverage exists under their policy for liabilities of their insureds that are contingent or unadjudicated. In those kinds of situations, it is most common for the insurer to bring an action for a declaratory judgment that it will have no duty to indemnify. See 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure: Civil 2d § 2757 at 585-86 (1983); see also id. § 2758 at 624-26 and id. § 2760 at 662, 665.
II.
The real issue in this lawsuit is properly construing the policy language relating to the $500 deductible. The policy provides that the $500 deductible is “per claim,” which it defines as meaning that a deduction applies to “all damages because of ‘property damage’ sustained by one person or organization, as the result of any one occurrence.” The trial court held that because Miles’s demand for indemnity was a result of the claim for contribution, and not because he was the assignee or subrogee of the individual claimants against him, the liability was the result of “one occurrence” within the meaning of the policy. It ruled, therefore, that only one $500 deductible was applicable toward any amount for which Miles might eventually be found liable in contribution. We disagree.
There is a growing and not inconsiderable body of case law that deals with matters of “per claim” and “per occurrence” deductibility. The cases are collected in Annotation, Liability Insurance: What Is “Claim" under Deductibility-per-Claim Clause, 60 A.L.R.4th 983 (1988). The configurations of most of the reported cases are a good deal simpler than the one presented here. For instance, cases hold, we think quite properly, that if a person buys up the claims of damaged persons, aggregates them into a kind of “superclaim,” and then sues the insured, the insured cannot successfully assert against his insurer that there is only one claim and therefore only one deductible applicable against him. See, e.g., Atlas Underwriters, Ltd. v. Meredith-Burda, Inc., 231 Va. 255, 343 S.E.2d *439 65 (1986). The same result follows, we think as a matter of course, if the claimant against an insured is a subrogee of various individual claimants and the insured asserts that only one claim is being made against him. See Kent Insurance Co. v. Capitol Maintenance, Inc., 433 So.2d 1295 (Fla.Dist.Ct.App.1983).
We perceive no real distinction between the present case and those previously decided, and, moreover, we think that the correctness of the result being urged here by appellant can be illustrated by a series of examples. Suppose, for instance, that claimants had sued Eagle-Picher and Miles in the first instance. We entertain no doubt that in that event appellant would be facing no liability, for the individual character of each claimant’s claim would be obvious. Suppose, instead, that claimants had sued Eagle-Picher alone and Eagle-Picher had then impleaded Miles as a third-party defendant for contribution. Surely this turn of events could not transform the case into one in which only “one claim” is being made against Miles simply because the liability is being asserted by Eagle-Picher rather than by the individuals injured. To give this much significance to such a fortuity would amount to a wooden formality. Our case, it is true, is at another remove from this last one; but it would make no sense to see a difference between a configuration in which a contribution claim is asserted by a defendant and one in which the same claim is made by a potential defendant who has settled and now sues directly for contribution.
Miles points out that the language in the policy provides for a deduction of $500 with respect to all damages for which the insured is liable “because of ‘property damage’ sustained by one person.” He argues that the phrase “one person” can only refer to a person making the claim against the insured and that, therefore, this deductible cannot apply in this case since Eagle-Picher has suffered no property damage. We disagree with the premise. The contract does not say that the person making the claim against the insured has to be one who suffered property damage. It merely says that the liability has to be “because of ‘property damage’ ” to one person. Here, there is no question that the liability being asserted is, at root, Miles’s liability to the claimants.
III.
Miles has pleaded below the defenses of estoppel and a counterclaim for breach of fiduciary duty. The trial court, on account of its ruling with respect to the construction of the contract, had no occasion to consider these matters. We therefore remand for further proceedings consistent with this opinion.