Susanne J. REYNOLDS; Harland V. Olson; Michael D. Herrera; Otto McClure; Ernest Volz; Lydia K. Mokos; Donald V. Pieri; and Barbara Reynolds, Plaintiffs,

v.

S & D FOODS, INC., f/k/a Consolidated Pet Foods, a/k/a Consolidated Pet Food, Inc., Defendant.

No. 91–1442–PFK.

United States District Court, D. Kansas.

May 27, 1993.

Randall E. Fisher, of Michaud, Hutton & Bradshaw, Wichita, KS, for plaintiffs.

Amy S. Lemley and Thomas W. Young, of Foulston & Siefkin, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Defendant moved for a determination of law with respect to an insurance policy af-fecting plaintiffs' potential recovery in this case. Defendant argues that plaintiffs must reduce their settlement or recovery by the amount of any deductibles which Consolidat-ed is required to pay under the terms of the policy. Defendant further argues that Con-solidated has to pay a deductible per plaintiff as each plaintiff represents a separate claim. Plaintiffs contend, however, that only the two remaining kennel owners have claims as de-fined in the insurance policy and therefore there are, at most, two claims for purposes of the deductible provision of the policy. In summary, defendant is correct and the $5,000.00 deductible applies to each plaintiff remaining in this suit.

The court need not address facts before it in previous motions. For purposes of this motion, however, certain new facts are rele-vant. In May of 1989, Consolidated Pet Foods filed for Chapter 11 bankruptcy pro-tection. Plaintiffs petitioned the bankruptcy court for limited relief from the automatic stay imposed due to the bankruptcy. In return, plaintiffs stipulated that they would not make claims against Consolidated beyond the liability in the insurance policies. Also, plaintiffs stipulated that they would deduct any deductible required by the insurance pol-icy from any settlement, judgment or other recovery. The bankruptcy court then modi-fied the automatic stay to allow plaintiffs to pursue their claims in this court. As part of its order, the bankruptcy court ordered plaintiffs to reduce any settlement or judg-ment by the amount of any deductibles re-quired under the terms of the insurance poli-cy.

Before addressing the insurance policy, this court must respond to plaintiffs' objec-tions that this is neither a proper issue be-fore the court nor is it raised by the proper party. Plaintiffs argue that this is effectively a declaratory judgment motion raised by Na-tionwide Insurance Company, and as such, is not a proper motion for this court to consid-er. Neither party has correctly character-ized this motion.

■ Defendant's motion should be charac-terized as one for partial summary judgment. When ruling on a partial summary judgment motion, the district court may indicate the

extent to which the amount of damages is not in controversy. *Leasing Serv. Corp. v. Graham*, 646 F.Supp. 1410, 1414 (S.D.N.Y.1986); 10A Wright & Miller, *Federal Practice and Procedure*, § 2737 at 454–55 (1983). Given concerns of judicial economy, Fed.R.Civ.P. 56(d) allows the court a pretrial adjudication on certain issues that are not proper for trial.[1] The court is not determining plaintiffs' ultimate recovery. Instead, the court is merely ruling on how the insurance policy, to which plaintiffs stipulated in the bankruptcy proceeding, affects the damages plaintiffs may or may not recover.

■ The terms of Consolidated's insurance agreement with Nationwide Insurance Company required Consolidated to pay a $5,000.00 deductible per claim. Plaintiffs stipulated to reduce the amount of any settlement or judgment by the amount of Consolidated's deductible. The issue of what constitutes a "claim" for purposes of this policy is presently before the court.

■ Under Kansas law, an insurance policy is to be construed to effectuate the intentions of the parties by looking at the policy as a whole and the circumstances of the parties. *Kansas State Bank & Trust v. Emery Air Freight Corp.*, 656 F.Supp. 200, 202 (D.Kan.1987); *American Media, Inc. v. Home Indemnity Co.*, 232 Kan. 737, 740, 658 P.2d 1015 (1983). If the language is ambiguous, construction favoring the insured will prevail. *Id.* For a policy to be ambiguous, it must contain doubtful or conflicting meaning as determined by a reasonable reading. *Dronge v. Monarch Ins. Co. of Ohio*, 511 F.Supp. 1, 4 (D.Kan.1979). If the language of the policy is clear, the court will enforce the policy by giving the terms their plain and ordinary meanings. *Id.* The issue before this court is one of contract interpretation.

A "claim" is a challenging request, a demand of a right, a calling upon another for something due, a demand for benefits or payment, or a title to something in the possession of another. Webster's Third International Dictionary (1981). Therefore, it seems a distortion of this fundamental meaning to accept the argument that a claim refers to an incident or accident which gives rise to various claims under the terms of the insurance policy. By arguing that "per claim" refers only to the kennel owners, plaintiffs are suggesting that the language refers to two incidents, one occurring at the Olson kennel and one taking place at the Reynolds kennel. This is the very reading of "claim" that appears unfounded in light of its simple definition. The court is, however, furnished with a more substantial basis on which to base its ruling.

The "per claim" wording of the policy is not ambiguous when read in the context of the policy. The section of the insurance policy detailing the deductible amounts refers to deductibles both on a "per claim" basis and on a "per occurrence" basis. The policy states that the "per claim" deductible amount applies to all injuries "sustained by one person ... as the result of any one occurrence." (Def.'s Ex. C.) The "per occurrence" deductible applies to all damages that are the result of "any one occurrence ... regardless of the number of persons or organizations who sustain damages because of that 'occurrence'." (Def.'s Ex. C.)

"Per claim" applies to damages sustained by one person, whereas "per occurrence" specifically finds that the number of people who sustain damage is irrelevant. The juxtaposition of the two terms makes it clear that "claim" refers to the suit which any one person could bring due to damages sustained by that person. "Per claim" does not apply to each occurrence of an incident causing injury, but instead applies to each assertion by a person that he or she is entitled to compensation due to injury from an incident. *Lamberton v. Travelers Indem. Co.*, 325 A.2d 104, 107 (Del.1974), *aff'd per curiam*, 346 A.2d 167 (Del.Super.Ct.1975).

Plaintiffs argue that because the salmonella accident occurred in the kennels, there are only two incidents and therefore only two

---

1. Because this is not a final judgment, but merely a pretrial adjudication, there is some suggestion that a partial summary judgment ruling under 56(d) is not appealable. *Leonard v. Socony–Vacuum Oil Co.*, 130 F.2d 535, 536 (7th Cir.1942); 10A Wright & Miller, *Federal Practice and Procedure*, § 2737 at 463 (1983).

resultant claims. Plaintiffs are attempting to read "per claim" as "per occurrence," a reading which the policy forbids. Each plaintiff that is a party to this suit suffered injury. Each plaintiff asserted an individual right against defendant. A court does not determine the number of claims by reference to the number of acts; the same act can give rise to several claims. *Burlington County Abstract Co. v. OMA Associates, Inc.*, 167 N.J.Super. 398, 400 A.2d 1211, 1214 (1979).

Although there may be only two incidents of bad salmonella causing these injuries—one per kennel, nine dogs were injured. Thus, several claims arose from these two occurrences. Each plaintiff therefore has a separate right to compensation. "Claim" does not mean "cause"; the term does not refer to the aggregate of all claims arising from a single incident. *Atlas Underwriters, Ltd. v. Meredith–Burda, Inc.*, 231 Va. 255, 343 S.E.2d 65, 67 (1986). The clear wording of the policy precludes plaintiffs' interpretation. The court must, therefore, find that there is a claim for each plaintiff remaining in the suit. In the case of plaintiffs who suffered the loss of more than one dog, each plaintiff is still entitled to only one claim. Only this reading of the policy is consistent with the definition of "claim" as equivalent to a right of action for damages.

For purposes of the deductible issue, this court finds that the $5,000.00 deductible per claim applies to each of the plaintiffs left in this suit, and any recovery by plaintiffs must be reduced by the deductible which Consolidated is required to pay.

One other question arose with respect to plaintiffs Mokos and Volz. These two plaintiffs sued in their individual capacities, even though Nice Investments is the listed owner of the dogs. There is a question as to who truly owns these dogs. If the partnership owns the dogs, these individual plaintiffs may have no right to recovery.

The question concerns who is the real party in interest. An action must be brought by the person who is entitled to enforce the right. Fed.R.Civ.P. 17(a). An unincorporated association will be the real party in interest if it has the capacity to sue or be sued. Fed.R.Civ.P. 17(b). Nice Investments is a Florida partnership. The court must look to statutory authority to see if a Florida partnership has the capacity to sue or be sued. Under Fed.R.Civ.P. 17(b), the capacity of a partnership to sue or be sued is determined by the law of the state in which the district court is sitting. The point is, if a partnership lacks capacity to litigate in the state courts, it also will be barred from a federal forum in that state. 6A Wright & Miller, *Federal Practice and Procedure*, § 1564 at 458 (1990).

This court, however, need not address the ultimate question of whether these plaintiffs are the real parties in interest. At oral argument on this motion, this court ruled that the pretrial order would be amended to read: Mokos and Volz d/b/a Nice Investments, a partnership. Thus, for purposes of this motion, the per claim deductible will apply to the partnership.

IT IS ACCORDINGLY ORDERED this 27th day of May, 1993, that defendant's motion for a determination of law (Dkt. No. 56) is hereby granted to the extent this court finds that the $5,000.00 per claim deductible contained in Consolidated's liability insurance policy applies to each plaintiff remaining in the suit.