**Robert Alton CALLAWAY, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, Defendant.**

Superior Court of Delaware,
New Castle.

Nov. 27, 1968.

Robert H. Richards, III, Wilmington, for plaintiff.

Rodman Ward, Jr., and Robert G. Carey, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

This is an action to recover medical expenses under a group insurance policy (hereafter referred to as the "Delaware policy"), underwritten by defendant and made available to subscribing students of the University of Delaware. Plaintiff, a student at the University, was insured un-

der the Delaware policy when he was injured while he was a passenger in an automobile operated by Samuel B. Kendall. Mr. Kendall was covered by an automobile liability policy (hereafter referred to as the "Kendall policy"), also written by defendant.

Maximum coverage for medical expenses was $5,000 under the Delaware policy and $2,000 under the Kendall policy. Plaintiff incurred medical expenses slightly in excess of $7,000 as a result of the accident.

The Delaware policy excluded from coverage the following:

"medical expenses incurred to the extent that benefits are payable therefore under *any other* insurance policy or prepayment plan." (Emphasis added).

With regard to payment for medical expenses, the Kendall policy in turn provided:

" * * * no such payment shall be made under the insuring agreements *D(1) and D(2) unless the person to or* for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in his favor, against any person entitled to protection because of bodily injury arising out of any accident to which the automobile bodily injury liability coverage applies."

Plaintiff contends that he is entitled to collect the full amount of medical payment coverage under each policy. If he does so, he will not thereby receive compensation greater than his expenses since his medical expenses exceed the combined policy limits Defendant contends that the $2,000 payable under the Kendall policy is to be deducted from payments made under the Delaware policy.

The matter is before the Court on cross motions for summary judgment. There is no factual dispute. The legal meaning and the effect of the quoted provisions of the two insurance policies are the crucial issues.

Plaintiff's argument is two-fold. First, he argues that the Kendall policy is not "other insurance" within the meaning of the Delaware policy's exclusion clause and, therefore, nothing that might be paid him as medical benefits under the Kendall policy can operate to cut down coverage under the Delaware policy.

Secondly, plaintiff urges that even if the Kendall policy is "other insurance", no benefits are "payable" thereunder as required by the exclusion clause since he has not executed an agreement demanded as a condition precedent to payment.

In support of his first argument plaintiff correctly states the rule that exclusionary terms in an insurance policy must be strictly construed against the insurer. 13 Appleman, Insurance Law and Practice § 7405 (1943). However, before a rule of strict construction finds application, there must be ambiguity requiring construction. Apotas v. Allstate Insurance Company, 246 A.2d 923 (Del.Sup.Ct., October 7, 1968). An ambiguity exists where the language has two or more reasonable interpretations. See 3 Words and Phrases, "Ambiguity", p. 436 (1953).

Here the contract provides that coverage is excluded as to medical expenses payable under *"any* other insurance". (Emphasis added). The words are clear and direct. It is difficult to see how these words could be understood to refer only to insurance held by plaintiff. The language has but one reasonable meaning and that is that coverage is excluded to the extent benefits are payable to plaintiff under any other policies including those held by other persons (such as the Kendall policy) as well as under other policies held by plaintiff himself.

Even though the Kendall policy is deemed to be "other insurance" within the meaning of the exclusion clause, benefits

must be "payable" thereunder for the exclusion to be operative. The word "payable" requires no special interpretation. It has been held to mean "may, can or should be paid". Jarrett v. Allstate Insurance Co., 209 Cal.App.2d 804, 26 Cal.Rptr. 231 (1962).

■ Here medical benefits under the Kendall policy are capable of being paid if and when plaintiff executes the necessary agreement. Since plaintiff himself can determine whether or not payments will actually be made, it must be held that benefits are "payable" to him, in the sense that they are capable of being paid.

Plaintiff argues that benefits are not truly payable because to receive payment under the Kendall policy he must agree in writing to apply any such payment toward any sum to which he might be entitled on account of Kendall's liability. Plaintiff wishes to avoid signing such agreement if, as a result thereof, the funds would become "payable" and he would give up the right to full recovery under the Delaware policy.

The issue in this case comes into sharp focus because plaintiff expects to collect the full over-all policy limit of $10,000 and no more under the Kendall liability policy whether or not $2,000 thereof is treated as being paid under the medical payment clause. Thus, under the unique facts of this case it is fair to assume that plaintiff will not collect $2,000 less from the Kendall policy by refusing to sign the agreement, but by signing the agreement he may lose $2,000 under the Delaware policy.

■ I hold that funds payable but for plaintiff's refusal to sign the agreement required under the terms of the Kendall policy are payable within the meaning of the exclusion clause of the Delaware policy. I make this holding because:

1. Under Delaware law medical payments theretofore made to a claimant under the medical expenses clause of a defendant's liability policy are credited against any recovery claimant may eventually make against the insured defendant on account of defendant's liability even in the absence of an agreement to that effect. Thus, the signing of the agreement is of little or no direct legal significance and the claimant by signing is not giving up a valuable right as to the Kendall policy. See Burns v. Employer's Liability Assurance Corp., 205 Pa.Super. 389, 209 A.2d 27, 31 (1965). Cf. Stewart v. State Farm Mutual Automobile Insurance Co., 31 Pa.D.&C.2d 365 (1963); Costanzi v. The Travelers Indemnity Co., 28 Pa.D.&C.2d 281 (1962).

2. Claimant's only real loss by signing the agreement is the loss of a chance to collect more money under the Delaware policy. Thus, he seeks funds for coverage which he agreed in advance (as an insured under the Delaware policy) would be excluded.

3. The other insurance clause of the Delaware policy imposes on each insured by clear implication a duty to take reasonable steps to make other insurance payable to him. Claimant could not, for example, refuse to cash a check from other insurance or fail to make out a form just because it was to his economic advantage to avoid payment from other insurance. He cannot be permitted to make the other insurance something less than payable by his unjustified inaction.

■ The agreement in the Delaware policy was simply to the effect that recovery thereunder was to be reduced by the amount of medical expenses payable from other insurance. Plaintiff seeks in effect to add a provision making such clause inoperative if by the operation thereof he ·collects less money from all policies than he would have collected if no such clause existed. It is regrettable that the policies do not between them take care of all the medical expenses but neither policy purported to give complete coverage and an exclusion from coverage is just as binding on the insured as a policy limit.

The Court holds that the Kendall policy is "other insurance" and is "payable" within the meaning of the Delaware policy's exclusion clause.

Summary judgment will be entered in favor of defendant.