JOHN HANCOCK PROPERTY & CASUALTY INSURANCE
COMPANIES v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket No. 106711. Submitted April 17, 1989, at Detroit. Decided
September 18, 1989. Leave to appeal applied for.

Anna Heinsman sustained injury in an automobile accident at a
time she was covered under a no-fault automobile insurance
policy issued by John Hancock Property & Casualty Insurance
Companies and a group health insurance policy issued by Blue
Cross & Blue Shield of Michigan. Hancock's policy provided for
coordination of benefits with other health insurance. BCBSM's
policy, in an exclusionary provision pertinent to Heinsman's
injury, provided that benefits were not available for any ser-
vices to the extent for which benefits were payable under
Medicare. Hancock paid Heinsman's medical expenses and
later brought an action in Wayne Circuit Court against BCBSM
seeking reimbursement for personal injury protection benefits
paid to Heinsman. The court, J. Phillip Jourdan, J., granted
summary disposition in favor of Hancock. BCBSM appealed.

The Court of Appeals held:

42 USC 1395y(b)(1) in part provides that Medicare benefits
will not be paid with respect to any item or service to the
extent that payment has been made under no-fault insurance.
Here, BCBSM's exclusionary provision did not apply since Medi-
care benefits are not payable in view of Hancock's payment of
no-fault benefits.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENE-
FITS — MEDICARE — COORDINATION OF BENEFITS.

Medicare benefits are not payable with respect to any item or
service to the extent that payment has been made under no-
fault insurance; where a no-fault insurer whose policy provides
for coordination of personal injury protection benefits with

REFERENCES

Am Jur 2d, Insurance §§ 1781-1793.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

other health insurance has paid for the medical expenses of an insured who is also covered by a group health insurance policy which provides for no payment of benefits where Medicare coverage is available, the no-fault insurer is entitled to reimbursement by the health insurer (MCL 500.3109a; MSA 24.13109[1]; 42 USC 1395y[b][1]).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *John P. Seyfried, Daniel S. Saylor* and *Ann M. Cisco*), for plaintiff.

*Jody M. McLeod,* and *Foster, Swift, Collins & Coey, P.C.* (by *Kevin J. O'Dowd* and *Brian A. Kaser*), for defendant.

Amicus Curiae:

*Dykema, Gossett* (by *H. Terrence Smith* and *K. Roxanne McKee*), for Association of Health Maintenance Organizations in Michigan, Inc.

Before: DOCTOROFF, P.J., and MAHER and REILLY, JJ.

REILLY, J. Defendant appeals as of right from the trial court's order granting summary disposition to plaintiff. The trial court concluded as a matter of law that defendant was primarily liable for the medical expenses incurred by an insured party following an automobile accident. We affirm.

The insured party, Anna Heinsman, was injured in an automobile accident in November of 1985. At the time, Heinsman was insured under a no-fault insurance policy issued by plaintiff and a group health insurance policy issued by defendant. Following the accident, plaintiff paid Heinsman's medical expenses pursuant to the personal injury protection provision in the no-fault policy. However, the policy also included a coordinated benefits clause which provided that plaintiff was liable

for PIP benefits only in excess of medical coverage provided by other health insurance policies.

Referring to this clause, plaintiff filed the instant action in May of 1987 seeking reimbursement from defendant for the PIP benefits plaintiff already paid to Heinsman under its no-fault policy, and a declaration that defendant was primarily liable for future medical expenses which might arise. Plaintiff asserted that defendant was primarily liable for these costs pursuant to § 3109a of the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, which requires no-fault insurers to offer "at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured." The trial court agreed and granted summary disposition to plaintiff, basing its decision on *Federal Kemper Ins Co, Inc, v Health Ins Administration, Inc,* 424 Mich 537, 551; 383 NW2d 590 (1986). Interpreting § 3109a, *Federal Kemper* held that when an insured has health insurance as well as no-fault insurance, both policies offering coordinated benefits, public policy requires that the health insurer be primarily responsible for medical benefits payable to the insured.

On appeal, defendant asserts that it is not primarily liable for Heinsman's medical expenses because its policy covering Heinsman was not a basic, comprehensive health insurance policy, and therefore not the typical "other health and accident coverage" referred to in § 3109a and *Federal Kemper, supra.* Rather, defendant contends that for a reduced premium, it agreed to provide coverage which is only supplemental to Medicare benefits. Defendant notes that under federal law, Medicare benefits are secondary to no-fault insurance. See 42 USC 1395y(b)(1), as amended June 17,

1980.[1] Thus, defendant argues that its liability is secondary to that of the no-fault carrier. Defendant contends that the trial court erred in applying *Federal Kemper* to this case because the priorities outlined therein conflict with the priorities established for the Medicare program.

As a preliminary matter, we note that the holding of *Federal Kemper* was limited to priorities between competing "first dollar" insurers, both offering comprehensive coordinated benefits. We agree with defendant that supplemental health care coverage is different from the basic, comprehensive health care coverage considered in *Federal Kemper*. Supplemental insurance is complementary, and is not to be construed to be a substitute for the underlying comprehensive coverage. The liability of the supplemental insurer should not exceed the liability assumed in the policy. However, none of these considerations would control in this case because, under the terms of its own policy, defendant agreed to provide full health care coverage to Heinsman, and not merely supplemental Medicare coverage.

As a general rule of construction, the language of an insurance contract is to be given its ordinary and plain meaning. *Jones v Farm Bureau Mutual Ins Co,* 172 Mich App 24, 27; 431 NW2d 242 (1988). Further, exclusionary clauses in such contracts are to be strictly construed against the insurer. *Allstate Ins Co v Miller,* 175 Mich App 515, 519; 438 NW2d 638 (1989). In the instant case, the general provisions of defendant's policy provide for comprehensive health care coverage. However, under certain terms contained in an "Exclusions and

---

[1] Prior to the 1980 amendment, no-fault insurers were permitted to set off Medicare benefits which were included within the meaning of "other health and accident coverage" under § 3109a. *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981) (interpreting a no-fault policy in effect in 1976).

Limitations" clause, this comprehensive coverage may be reduced. These relevant terms provide:

> Benefits are not available under this contract for or on account of:
>
> \*   \*   \*
>
> D. Any services *to the extent for which benefits are payable:*
>
> 1. Under Medicare . . . if the Subscriber or member is or has at any time been eligible for Medicare whether or not the subscriber or member is or has enrolled in Medicare. [Emphasis added.]

Construing the phrase "to the extent for which benefits are payable" strictly against defendant, see *Allstate v Miller, supra,* the exclusion precluding benefits under the policy applies if Medicare benefits are "payable." In the this case, Medicare benefits were not "payable" because the same type of benefits were already paid by plaintiff under its no-fault insurance contract. This result was mandated by 42 USC 1395y(b)(1), which provides that Medicare benefits will not be paid "with respect to any item or service to the extent that payment has been made, or can reasonably be expected to be made promptly . . . under no-fault insurance." The fact that *Federal Kemper, supra,* permits the no-fault insurer to later recoup its payment to the insured from the health insurer does not affect this result. Nor is the result changed because of defendant's "benefits coordination clause" which defines the limited supplemental coverage available to complement the Medicare payments, because that clause is effective only when Medicare benefits are "payable."

Thus, under the terms of defendant's policy, defendant is obligated to provide Heinsman with

full health care coverage and not merely supplemental Medicare coverage. Although defendant may have intended to provide only supplemental coverage to those persons participating in the group plan who were eligible for Medicare, defendant failed to adequately effectuate that intent in the language of the policy with respect to eligible group members who were also insured under no-fault coordinated policies. As the party that drafted the contract, defendant must be strictly held to the plain meaning of the language therein. See *Petovello v Murray,* 139 Mich App 639, 642; 362 NW2d 857 (1984), and *Allstate v Miller, supra.*

Affirmed.