Bobbie J. WALTERS, Personal Representative of Stanley D. Walters, Deceased, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

No. 16498.

Missouri Court of Appeals, Southern District, Division One.

Aug. 7, 1990.

**218**

1.a. the first *person* named in the declarations;

b. his or her *spouse;* and

c. their *relatives.*

These *persons* have to sustain the *bodily injury:*

a. while they operate or *occupy* a vehicle covered under the liability section; or

b. through being struck as a *pedestrian* by a motor vehicle or trailer. A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.

\* \* \* \* \* \*

What Is Not Covered.
THERE IS NO COVERAGE:

. . . . .

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY:*

. . . . .

b. TO THE EXTENT WORKER'S COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

. . . . .

William J. Lasley, Flanigan, McCanse & Lasley, Carthage, for appellant.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondent.

PARRISH, Judge.

The issue presented by this appeal is the enforceability of a limitation of liability in medical expenses coverage contained in an automobile insurance policy. The automobile insurance policy was issued by respondent, State Farm Mutual Automobile Insurance Company, to Stanley and Bobbie Walters. It included coverage for "medical payments." That part of the automobile insurance policy ("Coverage C") provided, in parts relevant to the issue presented on appeal:

MEDICAL EXPENSES

. . . . .

We will pay medical expenses for *bodily injury* sustained by:

Stanley Walters was involved in an automobile accident September 22, 1986, while driving an automobile. The accident occurred in Modesto, California. At the time of the accident, Walters was employed by a Missouri employer and was acting within the scope and course of the terms of his employment. Walters was covered by workers' compensation insurance. Walters made a claim for workers' compensation benefits under the Missouri Workers' Compensation Law. He received medical and disability benefits. Those benefits were paid by Walters' employer's workers' compensation carrier.

Walters brought this action to recover medical expenses incurred as a result of injuries he sustained in the California automobile accident.[1] He sought recovery of those medical expenses based upon "Coverage C" in his automobile insurance policy. Both parties filed motions for summary judgment. Rule 74.04. The trial court

---

1. A suggestion of death of Stanley Walters was filed prior to this case being determined by the trial court. Bobbie J. Walters, Personal Representative for the Estate of Stanley D. Walters, was substituted as party plaintiff in this action.

granted the motion for summary judgment filed by respondent, State Farm Mutual Automobile Insurance Company, and denied the motion for summary judgment filed on behalf of Walters. Walters appeals the order of the trial court granting the motion for summary judgment filed on behalf of respondent. This court reverses.

Appellant raises two points on appeal. Appellant alleges the trial court erred in granting respondent's motion for summary judgment (1) "because the 'workers' compensation exclusionary clause' " in the policy of automobile insurance is ambiguous with respect to the facts of this case and must be construed strictly against respondent so as to provide for coverage of the medical expenses sought; and (2) because to deny appellant coverage under the automobile insurance policy, with respect to the facts of this case, "results in a windfall for the respondent and violates public policy of the State of Missouri."

■ The first point on appeal requires that this court interpret certain provisions of the medical expenses coverage contained in the automobile insurance policy. In so doing, the terms of that coverage are to be interpreted reasonably. *North Kansas City Memorial Hospital v. Wiley*, 385 S.W.2d 218, 223 (Mo.App.1964). A general rule of construction is that language of an insurance contract is to be given its ordinary and plain meaning. *Protective Casualty Ins. Co. v. Cook*, 734 S.W.2d 898, 905 (Mo.App.1987). *See also John Hancock Property & Casualty Ins. Co. v. Blue Cross & Blue Shield of Michigan*, 180 Mich.App. 242, 446 N.W.2d 883, 884–85 (1989). However, an insurer who claims the applicability of an exception to the general liability clause of an insurance policy has the duty to prove that assertion. *North Kansas City Memorial Hospital v. Wiley, supra.* Exclusion clauses in insurance policies are strictly construed against the insurer. *Aetna Casualty & Surety Co. v. Haas*, 422 S.W.2d 316, 321 (Mo.1968), *citing Boswell v. Travelers Indemnity Co.*, 38 N.J.Super. 599, 120 A.2d 250, 253 (1956). *See also John Hancock Property & Casu-*

*alty Ins. Co. v. Blue Cross & Blue Shield of Michigan, supra*, 446 N.W.2d at 885.

The critical language is found in the exclusion clause in the medical payment section of the insurance policy, "Coverage C." It is:

THERE IS NO COVERAGE:

.     .     .     .     .

4. FOR MEDICAL EXPENSES FOR *BODILY INJURY:*

.     .     .     .     .

b. TO THE EXTENT WORKER'S COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

.     .     .     .     .

Appellant argues that this language is "unenforceably vague;" that "it allows State Farm to apply any interpretation it wishes."

■ The question presented is whether the language in "Coverage C," quoted above, is ambiguous. Ambiguity arises in an insurance policy when there is duplicity, indistinctness or uncertainty of meaning. *English v. Old American Ins. Co.*, 426 S.W.2d 33, 36 (Mo.1968); *Swaringin v. Allstate Ins. Co.*, 399 S.W.2d 131, 133 (Mo.App.1966).

■ The provision that requires review is the language, "to the extent worker's compensation benefits are required to be payable." The operative words are "required" and "payable." The word "required" implies something mandatory. *Mississippi River Fuel Corp. v. Slayton*, 359 F.2d 106, 119 (8th Cir.1966). The word "payable" is defined in *Callaway v. Nationwide Mutual Ins. Co.*, 248 A.2d 617, 620 (Del.Super.Ct.1968). In *Callaway* the court, after concluding that "the word 'payable' requires no special interpretation," said "[i]t has been held to mean 'may, can or should be paid.' " Either word, considered alone, is easily understood. However, considered together as part of the same phrase, the words are not compatible. The word "required" mandates conduct. The word "payable" has a passive connotation. "Payable" is not the equivalent of "paid." *Hill, Keiser & Co. v. Stetler*, 4

Pa.Com.Pl. 119, 122 (1887). So long as a fund is "payable" to a person, it has not reached his hands. *Duzan v. Cantley*, 227 Mo.App. 670, 55 S.W.2d 711, 712 (1932). When it has, it is no longer "payable." *Id.*

Using the definitions of "required" and "payable" stated above, the phrase "required to be payable" is equivalent to stating that it is mandatory that an amount "may, can or should be paid." This produces, at best, an indistinctness and an uncertainty of meaning and is, therefore, ambiguous. *English v. Old American Ins. Co., supra; Swaringin v. Allstate Ins. Co., supra.*

The language "required to be payable" has no "ordinary and plain meaning." If the words "required to be" are deleted or if the word "paid" is substituted for the word "payable," thereby making a grammatically correct phrase, an "ordinary and plain meaning" can be gleaned from the exclusionary provision. By deleting the words "required to be," the exclusion could be interpreted to mean that a person covered by workers' compensation insurance, who is otherwise covered by the medical expenses coverage in the automobile insurance policy, must deduct from the medical expenses coverage otherwise provided by "Coverage C" whatever amount is ultimately awarded from workers' compensation for medical expenses. The medical expenses to be paid under "Coverage C" would be the difference between the total medical expenses incurred (up to the amount of the policy limits in "Coverage C") less those medical expenses paid by workers' compensation insurance. The same interpretation is possible if the word "paid" is substituted for the word "payable," so that the exclusion would read "to the extent worker's compensation benefits are required to be paid." However, the insurer used the word "payable," not the word "paid," and the insurer included the words "required to be" in the exclusion that appears in "Coverage C." As written, the terms of the exclusion are uncertain and indistinct.

Other anomalies are presented. Although benefits are immediately due and payable under the medical expenses coverage of the automobile insurance policy, the effect of an exclusion of the type attempted in "Coverage C" would require an insurer to withhold payment of medical expenses pending determination of any potential workers' compensation claim. The possible delays are compounded by differences in the time schedules for paying medical expenses payable under the medical expenses coverage in the insurance policy and the statutory requirements for filing workers' compensation claims. In order for medical expenses to be covered under the automobile insurance policy, bodily injury must be discovered and treated within one year of the accident, and the medical services for which payments may be made must be furnished within three years of the accident. Under Missouri's Workers' Compensation Law, a claim may be filed within two years of an accident or, if no report of injury has been filed by an employer, within three years of an accident. § 287.430. It is arguable that to toll payment of medical expenses otherwise owed under a policy of automobile insurance (for which a premium was paid separate and apart from the premium for other coverage under that policy) for up to three years in order to learn if a claim for workers' compensation benefits will be made, plus for such additional time as might be required to determine any such claim, would be unconscionable or even unreasonable.

The suggestion in appellant's brief that the exclusion in the insurance policy is "unenforceably vague" is well-taken. The language of the exclusion in "Coverage C" has an "uncertainty of meaning" and is indistinct. It is, therefore, ambiguous. *English v. Old American Ins. Co., supra; Swaringin v. Allstate Ins. Co., supra.* As such, it is mere surplusage. It must be strictly construed against the insurer. *Meyer Jewelry Co. v. General Ins. Co. of America*, 422 S.W.2d 617, 623 (Mo.1968); *Kyte v. Fireman's Fund American Ins. Co.*, 549 S.W.2d 366, 368 (Mo.App.1977), citing *Aetna Casualty and Surety Co. v. Haas, supra*, at 321. The trial court erred in granting respondent's motion for summary judgment.

The issues presented by appellant's first point on appeal dispose of the case. It is unnecessary to address the second point raised by appellant. The judgment is reversed and the case remanded.[2]

CROW, P.J., and PREWITT, J., concur.

---

**2.** Appellant has requested in the notice of appeal that this court, "under Rule 84.14, ... make such judgment as the Trial Court should have made." Notwithstanding this request, the only thing before this court on appeal is the trial court's order granting respondent's motion for summary judgment. Any further action in this case is properly left to the trial court.