**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Kathleen LEY, Defendant/Respondent.**

**No. 61611.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 3, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Gerre S. Langton, Adrian P. Sulser, Evans & Dixon, St. Louis, for plaintiff/appellant.

John J. Frank, Joseph A. Frank, The John J. Frank Partnership, St. Louis, for defendant/respondent.

REINHARD, Judge.

Plaintiff appeals after the trial court granted defendant summary judgment in this declaratory judgment action. We affirm.

Defendant was involved in an automobile accident while riding as a passenger in a vehicle owned by her employer, L & R Cleaning. Plaintiff had previously issued an automobile liability policy to defendant's employer which afforded various coverages for the vehicle involved in defendant's accident. As a result of the accident defendant made a claim for medical expenses under that policy. Defendant also filed a claim for worker's compensation benefits, alleging that she had sustained injuries in the course and scope of her employment with L & R Cleaning.

Plaintiff filed a petition for declaratory judgment seeking to prevent defendant from recovering payment for bodily injury and medical expenses under the automobile liability policy. Plaintiff claimed it was not liable to defendant because the language of its policy specifically excluded medical payments coverage when the insured had filed a corresponding claim for worker's compen-

sation benefits.[1] Both parties filed motions for summary judgment. Rule 74.04. The trial court granted defendant's motion for summary judgment and denied plaintiff's.

In its sole point on appeal, plaintiff claims that the trial court erroneously awarded defendant summary judgment because the policy issued by plaintiff specifically excludes coverage "for medical expenses for bodily injury ... to the extent worker's compensation benefits are *required* to be *payable*." (Emphasis ours).

This case is controlled by *Walters v. State Farm Mut. Auto. Ins. Co.*, 793 S.W.2d 217 (Mo.App.1990). In *Walters*, our colleagues in the Southern District were examining a State Farm policy containing the identical language now before this court. The *Walters* court held that the phrase "required to be payable" contained in the exclusionary portion of State Farm's Medical Payments Coverage was ambiguous and thus strictly construed the exclusionary clause against insurer so as to provide for coverage of medical expenses. *Id.* at 220.

In *Walters*, the court found that the words "required" and "payable" were not compatible when considered together as part of the same phrase. *Id.* at 219. "The word 'required' mandates conduct. The word 'payable' has a passive connotation." *Id.* After defining the terms the *Walters* court concluded that "the phrase 'required to be payable' [was] equivalent to stating that it [was] mandatory that an amount 'may, can or should be paid.'" *Id.* at 220.

Plaintiff argues that the reasoning in *Walters* is flawed and thus should not be followed. It cites cases from other jurisdictions where medical expenses were denied coverage because of language in the policy excluding coverage when worker's compensation benefits are payable or required to be paid. None of these foreign cases contain the identical language of the State Farm policy. We choose to follow the reasoning in *Walters* and therefore affirm the trial court's order of summary judgment in favor of defendant.

Judgment affirmed.

AHRENS, P.J., and CRIST, J., concur.

---

1. The relevant portion of the automobile insurance policy provides as follows:
   What is Not covered.
   THERE IS NO COVERAGE:

   .   .   .   .   .

   4. FOR MEDICAL EXPENSES FOR *BODILY INJURY:*

   .   .   .   .   .

   b. TO THE EXTENT WORKER'S COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR