# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEE LIFENG HSU and
JANE YUCHEN HSU,

Plaintiffs,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N24C-09-020 CLS

Date Submitted: November 25, 2025
Date Decided: February 27, 2026

*Upon Consideration of the Plaintiffs' Motion for Partial Summary Judgment.* **DENIED.**

*Upon Consideration of the Plaintiffs' Motion to Vacate the Modified Trial Scheduling Order.* **DENIED.**

*Upon Consideration of Defendant's Motion for Summary Judgment.* **GRANTED in part, DENIED in part.**

## <u>MEMORANDUM OPINION</u>

Lee Lifeng Hsu & Jane Yuchen Hsu, *Pro Se Plaintiffs*.

Donald M. Ransom, Esquire for CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A., *Attorney for Defendant*.

**SCOTT, J.**

This matter stems from an alleged breach of an insurance contract. Lee Lifeng Hsu and Jane Yuchen Hsu (collectively, "Plaintiffs") filed a pro se Motion for Partial Summary Judgment on their claims for breach of contract, bad faith breach of contract and fraud, and a Motion to Vacate the Modified Trial Scheduling Order. The defendant, State Farm Fire and Casualty Company ("State Farm") filed a Motion for Summary Judgment on all claims against it. For the following reasons, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**; Plaintiffs' Motion to Vacate is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED in part, DENIED in part**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In August 2023, Plaintiffs entered into a contract with State Farm for Homeowners' Insurance (the "Policy").[2] On October 30, 2023, Plaintiffs' home flooded with sewage water.[3] Plaintiffs allege that water started leaking from the toilet on the second floor of Plaintiffs' home, causing the kitchen ceiling to collapse, which then caused sewage water to flood to the basement.[4] Plaintiffs then filed a claim with State Farm for coverage on the damages that resulted.[5]

---

[1] The facts are drawn from the Complaint and all documents the parties incorporated by reference. The Court accepts these facts solely for the purpose of ruling on the Motion.

[2] Def.'s Mot. for Summ. J. and Resp. to Pls.' Mot. for Partial Summ. J., Ex. 5, D.I. 50 ("Def.'s Mot. for Summ. J.").

[3] Complaint, ¶ 1, D.I. 1 ("Compl.").

[4] *Id.* ¶ 8.

[5] *Id.* ¶ 7.

Following assessments from State Farm agents and an estimate from Gibellino Construction, State Farm paid around $61,000 in coverage under the Policy.[6] State Farm denied coverage for additional claims made by Plaintiffs for ceramic tiles, the kitchen floor ceiling, underlayment plywood, and thousands of personal property items.[7] Plaintiffs allege that the damage to their home was more than $61,000 because the water intrusion was a "Category 3" leak.[8] Although unclear from the record, it seems that not all of the damages claimed by Plaintiffs "appear[ed] loss[-]related" in State Farm's view.[9]

The Court's understanding from the parties' briefing and the record is that "category" refers to the severity of the contamination from the leak: Category 1 is "generally clear;" Category 2 is "generally murky;" and Category 3 is "dark, highly contaminated water."[10] According to Plaintiffs, State Farm wrongfully denied the coverage by failing to classify the leak's severity as Category 3, which requires coverage on the entirety of Plaintiffs' claim under the Policy.

On September 10, 2024, Plaintiffs filed a Complaint against State Farm for breach of contract, bad faith breach of contract, fraud, unfair claims settlement practices under 18 *Del. C.* § 2304(16), and insurance fraud under 18 *Del. C.* §

---

[6] Def.'s Mot. for Summ. J., Ex. 2 at 71; Compl. ¶¶ 12, 14, 17, 19.
[7] Compl. ¶¶ 19, 33; Def.'s Mot. for Summ. J., Ex. 2 at 25–26, 34, 41.
[8] Compl. ¶ 7.
[9] Def.'s Mot. for Summ. J., Ex. 2 at 71.
[10] Def.'s Mot. for Summ. J. ¶ 2.

2407(c)(2).[11] Plaintiffs seek declaratory judgment, damages for dwelling and personal property losses, "opportunity costs," emotional distress and associated health issues, punitive damages, a court recommendation for a Department of Insurance investigation, interest, and attorney's fees and costs.[12]

Plaintiffs filed a Motion for Partial Summary Judgment on January 27, 2025, arguing that there is no genuine dispute of material fact relating to their claims for State's Farm violation of 18 *Del. C.* § 2304(16)(c), breach of contract and bad faith breach of contract, and fraud.[13] State Farm filed a Motion for Summary Judgment and Response to Plaintiffs' Motion for Partial Summary Judgment on October 31, 2025.[14] On November 25, 2025, Plaintiffs filed a Motion to Vacate the Court's January 9, 2025 Order modifying the trial scheduling order, Reply to State Farm's Response, and Response to State Farm's Motion for Summary Judgment.[15] The matter is now ripe for decision.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue

---

[11] *See generally* Compl.

[12] Compl. ¶ 40.

[13] *See generally* Pls.' Mot. for Partial Summ. J. and Mot. to Compel, D.I. 15 ("Pls.' Mot. for Partial Summ. J.").

[14] *See generally* Def.'s Mot. for Summ. J.

[15] *See generally* Pls.' Mot. to Vacate Prior Scheduling Order Modification, Reply to Def.'s Resp. to Pls.' Mot. for Partial Summ. J., and Resp. to Def.'s Mot. for Summ. J., D.I. 52 ("Pls.' Reply Br").

as to any material fact and that the moving party is entitled to judgment as a matter of law."[16]  If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[17]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[18]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[19]

## DISCUSSION

I. **The breach of contract claim survives summary judgment, but personal property damages are limited to actual cash value.**

To show the contractual liability of an insurer, the insured must establish: "(1) the existence of a contract, whether express or implied, (2) breach of one or more of the contract's obligations, and (3) damages resulting from the breach."[20] The only element in dispute here is whether State Farm breached the Policy.

---

[16] Super. Ct. Civ. R. 56(c).

[17] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. June 19, 1995) (TABLE);  *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[18] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962); *see also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

[19] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[20] *Geico Gen. Ins. Co. v. Green*, 308 A.3d 132, 140 (Del. 2022).

### A. *Summary judgment is not appropriate on Plaintiffs' claim for breach of contract.*

The Court concludes that neither State Farm nor Plaintiffs are entitled to summary judgment on the breach of contract claim. While it is undisputed that State Farm has paid Plaintiffs just over $61,000 to cover the loss from the event, a material issue of fact exists as to the severity of the loss and what coverage was required under the Policy.[21] Despite the parties' clear dispute, State Farm claims that it is nevertheless entitled to summary judgment because Plaintiffs fail to provide an expert opinion "to address the proper categorization of [the] water loss[,] which in turn affects the necessary . . . remediation to support their claims for any additional" dwelling and personal property coverage "beyond what it has already paid."[22] Plaintiffs counter that Jason Scarpato is the "only qualified expert opinion in the record."[23]

The Court agrees with State Farm that the nature of the loss requires an expert opinion as it is a matter outside the common knowledge of the factfinder.[24] However, there is a dispute as to whether Plaintiffs have a qualified expert. In the Complaint, Plaintiffs allege that their expert, Jason Scarpato, a certified specialist in

---

[21] Def.'s Mot. for Summ. J. ¶¶ 2, 5; Pls.' Reply Br. ¶ 15.
[22] Def.'s Mot. for Summ. J. ¶ 3.
[23] Pls.' Reply Br. ¶ 16.
[24] *See Campbell v. DiSabatino*, 947 A.2d 1116, 1118 (Del. 2008) (quoting *Davis v. Maute*, 770 A.2d 36, 40 n.3 (Del. 2001)) (explaining that "[i]t is settled Delaware law that, if a claim requires proof of facts that 'are not within the common knowledge of laymen,' those facts must be presented through expert testimony").

water damage restoration, assessed the damages and opined that the home suffered a "Category 3" loss.[25] The Court notes that Plaintiffs have not disclosed an expert report on Mr. Scarpato and a ruling on whether Mr. Scarpato is qualified as an expert is not suited for summary judgment. But the fact that Plaintiffs claim to have an expert raises a genuine issue of material fact as to whether State Farm breached the Policy. Accordingly, the Court will not grant summary judgment on the breach of contract claim.

**B.** ***State Farm is entitled to summary judgment on replacement cost value for personal property damages.***

Alternatively, State Farm argues that Plaintiffs' remedy for personal property should be limited to the actual cash value because Plaintiffs failed to meet a condition precedent to receiving the replacement value under Section I Loss Settlement, Coverage B – Personal Property, B1 – Limited Replacement Cost Loss Settlement of the Policy.[26] Plaintiffs' only response is that it is entitled to the replacement cost value because the defendant breached the contract in bad faith even though Plaintiffs "acted in good faith and were willing to accept Actual Cash Value (ACV) as the settlement cost."

---

[25] Compl. ¶ 9.
[26] Def.'s Mot. for Summ. J. ¶ 8, Ex. 5 at 19.

"Absent waiver or estoppel, an insurer may assert substantial non-performance of any condition as a defense to any proceeding against it on a policy."[27] Section I Loss Settlement, Coverage B – Personal Property, B1 – Limited Replacement Cost Loss Settlement provides:

**COVERAGE B – PERSONAL PROPERTY**

**1. B1 – Limited Replacement Cost Loss Settlement**

  a. ***We*** will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b below, subject to the following:

> (1) until repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged property;

> (2) after repair or replacement is completed, ***we*** will pay the difference between the ***actual cash value*** and the cost ***you*** have actually and necessarily spent to repair or replace the property; and

> (3) if property is not repaired or replaced within two years after the date of loss, ***we*** will pay only ***the actual cash value***.[28]

Delaware laws instructs that unless the language is clear, courts should construe insurance contracts strongly in favor of the insured where an ambiguity exists.[29] The language of this provision is unambiguous and only susceptible of one

---

[27] *Casson*, 455 A.2d 361, 365 (Del. Super. 1982) (citing *Bacon v. American Ins. Co.*, 330 A.2d 576 (N.J. Super. 1978), *aff'd*, 351 A.2d 771 (N.J. 1974)).

[28] Def.'s Mot. for Summ. J., Ex. 5 at 19.

[29] *Casson*, 455 A.2d at 366 (citing *Novellino v. Life Ins. Co. of North America*, 216 A.2d 420 (Del. 1966); *Lamberton v. Travelers Indem. Co.*, 325 A.2d 104 (Del. Super. 1974)).

meaning: State Farm would pay the replacement cost value of personal property if Plaintiffs furnished State Farm with proof that the items claimed were repaired or replaced. Consequently, Plaintiffs and State Farm are bound by the terms above for payment of the replacement cost value versus actual cash value of personal property covered under the Policy.

Here, there is no dispute that Plaintiffs did not provide State Farm with proof that the personal property items being claimed have been repaired or replaced. Thus, any potential recovery on Plaintiffs' claims for personal property damage under the Policy is limited to the actual cash value of those items.

## II. State Farm is entitled to summary judgment on Plaintiffs' bad faith breach of contract claim.

Plaintiffs allege that State Farm's "intentional delays and unnecessary bureaucratic procedures to frustrate and hinder the claim process" constitute bad faith breach of contract.[30] State Farm argues that it had a reasonable basis for denying Plaintiffs' claim.[31] The Court agrees with State Farm.

Under Delaware law, for a claimant to prevail on a bad faith breach of contract claim, the insured must prove that the insurer breached the insurance contract, and that the breach was "clearly without any reasonable justification."[32] The "question

---

[30] Compl. ¶ 39(a); Pls.' Mot. for Partial Summ. J. ¶¶ 14–17.
[31] Def.'s Mot. for Summ. J. ¶ 12.
[32] *Green*, 308 A.3d at 144 (Del. 2022) (quoting *Casson*, 455 A.2d at 369).

relevant to whether the insurer's denial was reasonable becomes 'whether at the time the insurer denied liability, there existed a set of facts or circumstances known to the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability.'"[33]

Although there is a disputed breach of contract claim, Plaintiffs otherwise cannot show that State Farm's denial of additional coverage was clearly without reasonable justification. Nothing in the record supports the assertion that State Farm was engaging in intentional delays at the time it denied the entirety of the coverage that Plaintiffs seek or even that the supposed delays generate a breach of the Policy.

Further, there is a bona fide dispute as to the severity of the leak and whether the Policy covered Plaintiffs' entire insurance claim. The Policy does not cover collapse, sewage leaks over time, or contamination from sewage leaks unless covered by the losses insured—i.e., direct, accidental physical loss of the dwelling.[34] While unclear, it looks like State Farm did not provide coverage on Plaintiffs' entire claim because some of the damages did not seem related to the loss or covered by the Policy. Still, State Farm paid Plaintiffs around $61,000 for the loss based on numerous assessments. Given the circumstances at the time, it denied some of the liability claimed by Plaintiffs, State Farm disputed the coverage required under the

---

[33] *Id.*
[34] Def.'s Mot. for Summ. J., Ex. 5 at 5, 12, 14–15.

Policy in good faith. Hence, summary judgment in favor of State Farm is appropriate on Plaintiffs' claim for bad faith breach of contract.

### III. State Farm is entitled to summary judgment on Plaintiffs' claims under 18 *Del. C.* § 2304(16).

There is no private right of action under 18 *Del. C.* § 2304.[35] It is undisputed that this case is a private action, and Plaintiffs admit that they are not asserting a statutory claim under Section 2304(16) but rather using it as "a concise benchmark for evaluating insurer conduct."[36] Therefore, summary judgment in favor of State Farm is appropriate on this issue.

### IV. State Farm is entitled to summary judgment on Plaintiffs' claim for fraud as the allegations lack specificity.

The Complaint avers that State Farm's actions show "a fraudulent pattern of conduct" because its "systemic approach [is] rooted in a corporate culture that promotes unethical behavior."[37] Plaintiffs argue that they are entitled to summary judgment for this claim on two grounds: (1) State Farm's failure to disclose the replacement cost basis for personal property violates 18 *Del. C.* § 2407(c)(2) and constitutes fraud under the common law; and (2) State Farm fraudulently told them that the personal property claims were being investigated when they were not, and

---

[35] *Green*, 308 A.3d at 142 (internal citations omitted).
[36] Pls.' Reply Br. ¶ 18.
[37] Compl. ¶ 39(c).

Plaintiffs were unaware due to the complicated software used for filing claims with State Farm.[38]

State Farm, on the other hand, argues that summary judgment is appropriate because the Complaint "fails to allege fraud with specificity and [P]laintiffs have produced no factual evidence to support any claim of fraud."[39]

To state a claim for fraud, the claimant must show that:

(1) the defendant falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendant knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendant intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance.[40]

Rule 9(b) also requires that the claim asserts: "(1) the time, place, and contents of the false representation; (2) the identity of the person making the representation; and (3) what the person intended to gain by making the representation."[41] The particularity requirement is satisfied if the allegations are made with "detail sufficient to apprise the defendant of the basis for the claim."[42]

---

[38] Pls.' Mot. for Partial Summ. J. ¶¶ 18–22.

[39] Def.'s Mot. for Summ. J. ¶ 10.

[40] *Perfect Game, Inc. v. Rise 2 Greatness Found.*, 2025 WL 1555003, at *5 (Del. Super. June 2, 2025) (quoting *Everphone, Inc. v. Go Tech. Mgmt., LLC*, 2023 WL 7996560, at *4 (Del. Super. Nov. 17, 2023)) (internal quotation marks omitted).

[41] *Medlink Health Sols., LLC v. JL Kaya, Inc.*, 2023 WL 1859785, at * 2 (Del. Super. Feb. 9, 2023) (quoting *Abry Partners V, L.P. v. F & W Acq. LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006)) (internal quotation marks omitted).

[42] *Id.*

Primarily, there is nothing on this record that State Farm made statements that they were investigating Plaintiffs' claims when they were not, and that Plaintiffs relied on those statements in acting or refraining from acting. Moreover, the replacement cost value condition precedent is disclosed in the Policy and the record does not show that State Farm had an obligation to directly disclose specific provisions of the Policy to Plaintiffs. Accordingly, summary judgment in favor of State Farm is also appropriate on Plaintiffs' claim for fraud.

**V.    The remedies available are limited to Plaintiffs' expectation damages.**

Given that Plaintiffs' claim for breach of contract is all that survives summary judgment, the remedies that Plaintiffs can assert are limited to declaratory judgment, and dwelling and personal property damages—i.e., Plaintiffs' "expectation interest."[43]

While the Delaware Supreme Court has held that punitive damages may be available in insurance contract disputes when the insurer acts in bad faith, the Court has found that State Farm did not refuse to pay in bad faith.[44] Plaintiffs assert no other justifiable grounds for recovering punitive damages on a breach of contract claim. In addition, emotional distress damages or "associated health issues" are not

---

[43] *E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 445 (Del. 1996).
[44] *Id.* at 445–49.

proper remedies where there is no evidence of physical injury or claim for intentional infliction of emotional distress.[45]

The Court also finds that there is no authority supporting Plaintiffs' contention that "opportunity costs" are available for interference with Mr. Hsu's achievement of his ultimate life goal or that the Court may recommend a Department of Insurance investigation.[46]

## VI. Motion to Vacate January 9, 2024, Trial Scheduling Order

Finally, for the reasons discussed in this Court's Order on Plaintiffs' Motion in Limine, Plaintiffs' Motion to Vacate is **DENIED**.[47]

## CONCLUSION

In sum, the only claim that survives summary judgment is Plaintiffs' claim for breach of contract and any expectation damages associated with that claim. Thus, for the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**; Plaintiffs' Motion to Vacate is **DENIED**; and Defendant's Motion for Summary Judgment is **GRANTED in part**, **DENIED in part**.

**IT IS SO ORDERED.**

/s/ Calvin Scott
Judge Calvin L. Scott, Jr.

---

[45] *Id.* at 445–46 (internal citations omitted).
[46] Compl. ¶ 40.
[47] *See Hsu v. State Farm Fire & Casualty Co.*, 2026 WL 165493, at *1 (Del. Super. Jan. 20, 2026).